UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN H. REDMOND, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-00109-LJM-MPB |
| | ) |
| INDIANA DEPARTMENT OF CORRECTION Corporation, WENDY KNIGHT Superintendent, D. RITCHIE Assistant Superintendent Re-Entry, L.A. VAN NATTA Final Reviewing Authority, CORRECTIONAL OFFICER ROGERS Correctional Officer, T. AARON COX Former Director of the T.C., ROBERT STAFFORD Grievance Coordinator, LAURA RASMUSSEN Assistant Grievance Coordinator, T. UPCHURCH Former Sergeant, now Lieutenant, DEPUTY SHERIFF PALMER Correctional Officer, CLOE Correctional Officer, CASSANDRA FEASTER Former Aramark Employee, LT. GARDNER Former Correctional Officer of C.I.F., R. SIDWELL Former Correctional Officer and Chairman, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Order Severing Misjoined Claims and
Directing the Opening of New Civil Actions**

**I.**

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the *Federal Rules of Civil Procedure* allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants.

Rule 20(a) allows defendants to be joined in one action if a right to relief is asserted against them jointly with respect to the same transaction or occurrence, and a question of law or fact common to all defendants will arise in the action. The complaint of John H. Redmond violates the misjoinder of claims limitations of Rules 18 and 20(a). The violation here consists of the diversity of claims against the multitude of defendants. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006)("Misjoinder. . . occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction.").

In such a situation, "[t]he court may . . . add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied to the complaint.

## II.

This action shall proceed against defendants L.A. Van Natta, Final Reviewing Authority; the Indiana Department of Correction; and Wendy Knight, Superintendent, as to plaintiff's Claim I/Facts A and Claim I/Facts F:

**Claim I/Facts A:** L.A. VanNatta, I.D.O.C., and Knight violated plaintiff's Eight Amendment right against cruel and unusual punishment by deliberately ignoring Redmond's request for safety and security, and put Redmond in further risk of serious harm by not transferring Redmond out of this facility or filing a separatee against the offender who continuously threaten and attempted to attack Redmond.

Dkt. 1 at 7.

> **Claim I /Facts F**: Supt. Knight did knowingly and intentionally subject Redmond to treatment that other inmates in this facility were not subjected to in the same manner and abuse as Redmond has been in. Redmond was put into a unit stripped of equal dayroom time, recreation time, phone time, shower time, restroom time, and other associated activities, and Supt. Knight knew this conduct was against the Constitution, Statute, and policy and procedure. Because I told her that this conduct was against such, and she would not give me a reason my
>
> . . . [page break in original].
>
> rights were being violated or an explanation. Now I suffer psychological damages because of the abuse by being inside of that Special Housing Unit. Redmond suffered from deprivation of and improper ventilation, mental issues by being deprived of access to speak with a mental health therapist when needed, improper sanitation, operations, and environment issues, sleep deprivation, harassment, and other assorted sicknesses as a result of this SHU.

Dkt. 1 at p. 8-9.

All other claims and defendants are severed. Specifically, the claims against D. Ritchie, Correctional Officer Rogers, Aaron Cox, Robert Stafford, Laura Rasmussen, T. Upchurch, Deputy Sheriff Palmer, Cloe, Cassandra Feaster, Lt. Gardner and R. Sidwell are **severed from the original complaint.** The **clerk is directed** to terminate these individuals as defendants in this case.

### III.

To effectuate the ruling in Part II of this Entry, seven new civil actions from the Indianapolis Division shall be opened, consistent with the following:

    a.    John H. Redmond, IV, shall be the plaintiff in each of the newly opened actions.

    b.    The Nature of Suit in each of the newly opened actions shall be 555.

    c.    The Cause of Action of each of the newly opened actions shall be 42:1983pr.

    d.    The complaint in this action shall be re-docketed as the complaint in each of the newly opened actions. The exhibits attached to the complaint are to be disregarded and not refiled (that is, dkts 1-1, 1-2 and 1-3).

    e.    Redmond's request to proceed *in forma pauperis* [dkts. 5 and 5-1] shall likewise be filed and re-docketed in each of the newly opened actions.

f. A copy of this Entry shall be docketed in the newly opened action.

g. This action and each of the newly-opened actions shall be shown with this action and with each other as linked actions.

h. The defendant in the first of the newly opened actions shall be Correctional Officer Rogers. See docket number 1 at page 7, stating:

> **Claim I/Facts B:** Correctional Officer Rogers violated Redmond's 1st Amendment, and 8th Amendment right by retaliating and being deliberately indifferent to Redmond's health and safety. C.O. Rogers denied Redmond's request to get his inhaler by disguising his denial as a suspicion of trafficking illegal contraband when Redmond never been under suspicion or associated with offenders who participated in the use or sell of illegal contraband, then fired Redmond from his job, gave him a bad evaluation, and wrote Redmond up on a false disciplinary report after Redmond told a different staff member that he has a constitutional right to get his inhaler, and that staff member went over Rogers denial and allowed Redmond to go back to the unit to get his inhaler with the approval of a higher ranking Correctional Officer.

i. The defendant in the second of the newly opened actions shall be T. Aaron Cox. See docket number 1 at p. 7, stating:

> **Claim I /Facts C:** Defendant A. Cox hereinafter "Cox" was deliberately indifferent to Redmond's Safety and Security. Plaintiff on 12-21-2015 wrote a pull-up (a ticket for the Therapeutic Community Program) on an offender for threatening to fight Redmond. As a customary procedure for the T.C. program there is what is called an encounter (A process where a peer is brought before the community for exhibiting negative behaviors and told about the feelings produced from those negative behaviors.) Redmond stated the issue and the other offender did not state anything at all (Shut down). It was recommended (by the peers in the community and lower staff) that Redmond and this offender be moved because they were not suitable, but Cox refused to move Redmond or the other offender. Redmond and this offender continued to have confrontations, but Redmond knew from prior experience that pulling this offender up again would only cause more problems being that Redmond attempted this tactic before, on Jan. 19, 2016 Redmond and his cell mate the offender spoken of above got into a physical altercation, but this incident was not spoken of until the very next morning on the 20th of Jan, 2016. Redmond had scars on his face in which the staff recognized to be consistent with fighting, and she was informed about this from other offenders that were present during the actual fight. After the counselor was informed of the fight she emailed Cox who then moved the offender Carter Redmond's cellmate from one side of the dorm 2/4 to 1/3 to the next. Redmond was never offered medical treatment.

And docket number 1 at p. 8:

**Claim II /Facts C:** Hilson was the staff member aware of the situation with Redmond's cell mate and himself, but failed to take any additional action to give medical treatment in order to avoid the situation getting worse. After she was informed of the fight, she failed to offer Redmond medical treatment for getting into a fight. When the incident was reported to her on Jan. 20, 2016 she did document the situation, but failed to offer Redmond medical treatment after she recognized the scars on Redmond's face. But she did submit her findings to the Director A. Cox for his decision. Hilson was not trained in inmate fighting regarding medical care.

  k. The defendant in the third of the newly opened actions shall be Grievance Coordinator Robert Stafford. See docket number 1 at p. 8, stating:

**Claim III /Facts C:** Robert Stafford retaliated against Redmond after receiving an informal grievance from Redmond on 1-26-2016 for Redmond stating he was fighting on the informal grievance, the fight could have been avoided, the issues were not taken care of properly, and Redmond complained of not being offered medical attention. When the policy for IDOC clearly states an inmate is not to receive reprisal/retaliation for filing a grievance.

  l. The defendant in the fourth of the newly opened actions shall be Lt. T. Upchurch. See docket number 1 at p. 8, stating:

**Claim I /Facts D:** Lt. Upchurch denied me a right to eat alleging that I knocked on a window, while stating he doesn't care about my being a diabetic. He further called the custody staff on D unit and informed officers I am not to be given a sack or a tray. Lt. Upchurch was adamant about not giving me any food. Redmond has filed multiple grievances against this Lt. in the past, and this Lt. has been bothering Redmond since he filed those grievances. This Lt. denied Redmond a meal while ignoring Redmond is a diabetic and in need of food, and without due process (a hearing).

  m. The defendant in the fifth of the newly opened actions shall be Correctional Officer Palmer. See docket number 1 at p. 8, stating:

**Claim II /Facts D:** C.O. Palmer clearly denied me a right to medical care, and did not care about my medical needs by denying me medical care when I informed him that I am dizzy, and sweating. I was feeling the effect of my blood sugar fluctuating from not eating. I requested for a grievance from this officer which was denied.

  n. The defendant in the sixth of the newly opened actions shall be Former Aramark Employee Cassandra Feaster. See docket number 1 at p. 8, stating:

**Claim I /Facts E:** Defendant Feaster continuously harassed me and fired me from my job and wrote me up on a false disciplinary report, because Redmond filed a grievance against her. On May 19, 2015 Redmond filed a grievance against Feaster, and on May 20, 2015 she filed a false disciplinary against me and fired me. While that same day of May 20, 2015 Feaster continuously harassed me, and the day of May 18, 2015 Feaster told me she is going to get me fired for filing a grievance against her co-worker Enos.

o. The defendant in the seventh of the newly opened actions shall be Lt. Gardner. See docket number 1 at p. 8, stating:

> **Claim II /Facts E:** Gardner #401 retaliated against Redmond for filing a grievance on him. On May 20, 2015 Redmond filed a grievance on Gardner for doing him wrong and for not telling him what Redmond got fired for by Feaster. On May 21, 2015 Gardner filed a false disciplinary report on Redmond and attempted to get Redmond in trouble for filing his grievance.

p. The defendant in the eighth of the newly opened actions shall be D. Ritchie. See docket number 1 at p. 8, stating:

> **Claim I /Facts G:** D. Ritchie has violated Redmond's 14th Amendment right to equal protection and equal treatment of the law by clearly subjecting Redmond to procedures other inmates are not subjected too. D. Ritchie has specifically stated in her classification appeal response that Redmond is obligated to only his job, when other inmates are allowed a job while they wait for a program to call their name on a waiting list. But this procedure is different for Redmond.

i. The assignment of judicial officers shall be by random draw.

### IV.

Claims in the newly-opened actions are distinct from those in this action and from each other.

The action docketed as No. 1:17-cv-109-LJM-MPB shall proceed as to defendants L.A. Van Natta, Final Reviewing Authority; the Indiana Department of Correction; and Wendy Knight, Superintendent. All claims against all other defendants are dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 1/18/2017

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN H. REDMOND, IV
147172
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064