# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN H. REDMOND, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:17-cv-00109-LJM-MPB |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION Corporation, WENDY | ) | |
| KNIGHT Superintendent, L.A.  VAN NATTA | ) | |
| Final Reviewing Authority, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Allegations of "Imminent Danger"
And Directing Further Proceedings**

**I.**

The plaintiff has "struck out" under 28 U.S.C. § 1915, such that this action may not proceed without the prepayment of the filing fee unless the plaintiff faces circumstances that place him "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Redmond v. Upchurch, et al.,* 1:16-cv-0257-JMS-DML (S.D. Ind. dismissed Feb. 19, 2016). The plaintiff was given the opportunity to identify any such circumstances present in this case and to explain what injunctive relief, if any, he seeks.

In response, the plaintiff states that he has been continuously threatened by offender Jerome Johnson with physical violence and that he needs an order separating him from Jerome Johnson. The plaintiff also contends that he needs an order separating him from all individuals who pose an imminent threat of serious physical injury and that he is at risk as long as the Secured Housing Unit is in operation. He states that he expects to be placed in the Secured Housing Unit in the

future and that he does not want "serious injury to occur again." In terms of relief, the plaintiff wants to be transferred from the facility and separated from "the offenders." He'd also like "a verbal reprimand" (presumably against other actors), a public apology and money damages.

The claim that the plaintiff faces imminent danger of serious physical injury unless he is separated from Jerome Johnson shall proceed in this action. This claim is adequately alleged against defendants Superintendent Wendy Knight and Final Reviewing Authority L.A. Van Natta. The complaint alleges:

**Claim I/Facts A:** L.A. VanNatta, I.D.O.C., and Knight violated plaintiff's Eight Amendment right against cruel and unusual punishment by deliberately ignoring Redmond's request for safety and security, and put Redmond in further risk of serious harm by not transfering Redmond out of this facility or filing a separatee against the offender who continuously threaten and attempted to attack Redmond.

Dkt. 1 at 7.

The claim in this action is limited to injunctive relief. Prison officials have a duty to protect inmates from violent assaults by other inmates and they incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (*quoting Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). As stated above, the plaintiff has alleged such a claim. However, damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996). Thus, no money damages are available in this case, because the plaintiff was not physically injured by Jerome Johnson. The Court will, however, fully consider the plaintiff's claim for injunctive relief.

All other claims and defendant Indiana Department of Correction are dismissed. If the

plaintiff wants to proceed on his claim that the conditions he experienced in the Secured Housing Unit were unconstitutional, he must do so in a new civil action after paying the filing fee.

## II.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Superintendent Wendy Knight and Final Reviewing Authority L.A. Van Natta in the manner specified by Rule 4(d). Process shall consist of the complaint [dkt. 1], Entry of January 25, 2017 [dkt. 9], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date:  ___2/23/2017___

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN H. REDMOND, IV
147172
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to Indiana Department of Correction Employees:

Wendy Knight, Superintendent

L.A. Van Natta, Final Reviewing Authority